**Mark E. DAY, Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 04–2372.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 10, 2004.

Mark E. Day, Michigan City, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, KANNE, and SYKES, Circuit Judges.

ORDER

Indiana inmate Mark Day filed a petition under 28 U.S.C. § 2254, alleging among other things that his due process rights were violated when he was disciplined for unauthorized possession of a typewriter The district court denied Day's petition and we affirm.

In June 2003, Officer D. Null confiscated a typewriter in Day's possession because

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

he had no proof of ownership and the typewriter had no serial number. Day responded by filing a grievance [1] purportedly contesting the confiscation and claiming that the typewriter was his. Included with his grievance was a document that, according to Day, proves his ownership; the document appears to be a "registration" form from the prison activities center, setting forth rules for using approved items within the prison. This particular document, which references Day's IBM typewriter, bears the signature of a witness named Sue Hood, and is dated March 2, 1999. In a conduct report, Null explained that he investigated and learned that Hood was a former employee of the Indiana State Prison but had not worked there since February 1997—two years before the date on the prison document she allegedly had signed. In addition, Null noted that when Day returned to Indiana State Prison in October 2001, after being in custody at another facility for almost 3 years, an inventory of Day's possessions did not include the typewriter, and there were no records at the facility showing that Day owned one. Based on the document bearing Sue Hood's signature, Officer Null charged Day with "unauthorized reproduction of any document and forging." Day pleaded not guilty and requested ten documents to aid in his defense, including copies of grievances he had filed, letters from various prison officials, request slips, and a copy of a form dated June 27, 2003 entitled "disposition of offender property."

At Day's disciplinary hearing, the charged offense—"unauthorized reproduction" was dropped and changed to "unauthorized possession," based on the lack of proof that Day owned the typewriter. According to a report of the disciplinary hearing, Day admitted that the document signed by Sue Hood was false and claimed never to have seen it before, but he maintained that the typewriter was his. The CAB denied Day's request for documents he considered necessary for his defense because "[w]e don't feel the requested evidence is needed for this case"; the CAB explained that, under prison policy, Day was not entitled to possess a typewriter once he left the prison. The CAB thus found Day guilty of unauthorized possession of the typewriter and revoked 30 days' earned time credit. After exhausting administrative remedies, Day petitioned unsuccessfully for a writ of habeas corpus to the district court.

Indiana prisoners have a liberty interest in earned good-time credits, and are entitled to due process before it is taken away. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir.2003). One such due process right is the opportunity to call witnesses and present evidence in their defense, when consistent with institutional safety and correctional goals. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *McPherson v. McBride*, 188 F.3d 784, 785–86 (7th Cir.1999).

On appeal, Day reiterates that he was denied due process when the CAB denied him the documentary evidence that he argues was pertinent to his defense. Day argues that the CAB's denial was "pretext to prevent petitioner from proving that the disciplinary charges were false and retaliatory and part of a conspiracy by DOC officials." Day argues that the requested documents will allow him to prove some vague conspiracy against him, but nowhere does he suggest that any of these documents would corroborate his right to possess the typewriter. Because Day does not argue that the requested documents related to his culpability for "unauthorized possession," the CAB did not deprive him of due process when it denied him access

1. A copy of the grievance is not in the record.

to the requested documents. *See Cotton*, 344 F.3d at 678 (noting that due process only requires disclosure of evidence that is material and exculpatory).

Day also argues that the district court abused its discretion by failing to rule on his discovery request for the same documents. Although the district court did not explicitly rule on the request, the court stated in its final order that "[t]he documents requested would not have assisted Mr. Day. None of Mr. Day's due process rights were violated by the denial of the evidence by the CAB." Day offers no reason why the requested documents would bolster his case, and we therefore conclude that the court did not abuse its discretion by not granting the request.

AFFIRMED.